## BOENAU v SCHAUB et

Ohio Appeals, 5th Dist, Richland Co

No 428.  Decided September, 1933

## OPINION

By LEMERT, J.

It is quite clear from the record that when Mrs. Mott conveyed the premises to the plaintiff she still retained a right as a matter of law to use this way as a way of necessity, and while there can be no doubt that by contract she could divest herself of that right, that right was appurtenant to her lot at all times unless she divested herself of that right; and it would certainly be unfair, unjust and unequitable for the plaintiff to claim a secret release of that right, which right was open, notorious and visible because of necessity and conditions surrounding the lot and not make that a matter of record which would be notice to the world that the appurtenances to the premises owned by Mrs. Mott had been released.

Such a contract as just referred to might make it possible for one to perpetrate a fraud upon a future purchaser if the contract divested the property purchased of the appurtenances, to-wit: the right of way or right of ingress and egress.

The decisions in Ohio recognize a way of necessity as existing as shown in the case of **Meredith v Franks et, 56 Oh St 479.** Entertaining this view of the instant case the same judgment will be entered in this court as was entered in the court below. Plaintiff's petition will be dismissed and the relief granted as prayed for in defendants' cross petition. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.